UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL PUENTES-GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 12-cv-1184-JPG<br><br>Criminal No 03-cr-30181-JPG |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Manuel Puentes-Garcia's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  On October 9, 2008, the petitioner pled guilty to one count of illegal reentry into the United States without permission after having committed a felony and being removed from the United States, all in violation of 8 U.S.C. § 1326(a) and (b)(2).  On February 6, 2009, the Court sentenced the petitioner to serve 86 months in prison with 1 month credit for time served.  The petitioner did not appeal his sentence.

**I.    § 2255 Motion**

    In his § 2255 motion, first filed on July 23, 2012, as a motion for downward departure in Puentes-Garcia's criminal case, and filed as this § 2255 case on November 16, 2012, the petitioner raises the following claims:

1. Ineffective assistance of counsel for failing to seek a downward departure due to the sentencing disparity with defendants in the fast-track program, *see, e.g., United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010);

2. Ineffective assistance of counsel for failing to advise him deportation would result from his guilty plea, *see Padilla v. Kentucky*, 559 U.S. 356 (2010); and

3. Ineffective assistance of counsel for failing to communicate a plea offer from the Government, *see Missouri v. Frye*, 132 S. Ct. 1399 (2012).

    The Government has responded to the petitioner's § 2255 motion (Doc. 5) arguing that the petition is untimely and otherwise without merit.  Puentes-Garcia did not reply to the Government's

response.

## II.     Timeliness of Petition

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).   Prisoners used to be able to file motions under § 2255 at any time during their sentences.   However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255(f)), which added a one-year limitations period for a motion attacking a sentence.   The one-year limitations period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   Thus, the Court must determine when Puentes-Garcia's one-year period began and whether his July 23, 2012, motion fell within that period.

### A.     Finality of Conviction

Puentes-Garcia's conviction became final on February 23, 2009.   Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires.   *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011); *cf. Clay v. United States*, 537 U.S. 522, 524-25 (2003) (affirmed conviction becomes final for § 2255 purposes when time for filing a petition for a writ of *certiorari* expires).   When Puentes-Garcia

was sentenced on February 6, 2009, a prior version of Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allowed him ten days from entry of his criminal judgment to file a notice appeal.[1] Excluding weekends (February 7, 8, 14, 15, 21 and 22, 2009) and a holiday (February 16, 2009), as a prior version of Federal Rule of Appellate Procedure 26(a)(2) required at the time, Puentes-Garcia's ten-day period expired on February 23, 2009.  Therefore, his period to file a § 2255 motion under § 2255(f)(1) expired one year later, on February 23, 2010.  His July 23, 2012, motion was more than two years beyond the date his conviction became final.

       Puentes-Garcia has not argued that the limitation period should be tolled.  The § 2255 limitations period can be tolled in two ways:  equitable estoppel or equitable tolling.  *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013).  Equitable estoppel applies where the Government takes active steps to prevent the petitioner from filing in time.  *Id.*  Equitable tolling applies where the petitioner has diligently pursued his rights but some extraordinary circumstance prevented him from timely filing his motion.  *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010) (considering § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke*, 703 F.3d at 1101.  Nothing in the file suggests either doctrine applies.

       B.      <u>Removal of Impediment to Filing</u>

       Nothing in the record suggests a Government-created impediment prevented Puentes-Garcia from making a motion.  Thus, the second limitations period trigger does not apply.

       C.      <u>Recognition of New Right</u>

       The third category of triggers for the one-year limitation period does not apply to Puentes-Garcia's case.  Under § 2255(f)(3), the one year period begins to run on the date the Supreme Court initially recognizes a right upon which the § 2255 motion is based, not the date the right was

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the 10-day period from the date the Government filed its notice of appeal, did not apply to Puentes-Garcia because the Government did not file a notice of appeal.

made retroactively applicable to cases on collateral review.  *Dodd v. United States*, 545 U.S. 353, 357-59 (2005).   Nevertheless, for this limitation period triggering date to apply, the right must be declared retroactive.  *Id.* at 358-59.

The right discussed in *United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010), to have the Court consider at sentencing a disparity with fast-track defendants has not been recognized by the Supreme Court and has not been made retroactive to cases on collateral review by any relevant court.  Thus, the recognition of this right cannot trigger the one-year limitation period.

The right to be advised of the deportation consequences prior to a guilty plea was newly recognized by the Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356 (2010), on March 10, 2010, but does not apply retroactively on collateral review.  *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).   Thus, the criteria of § 2255(f)(3) are not satisfied with respect to this theory.   Even if it were retroactive, Puentes-Garcia filed his motion more than two years after the Supreme Court newly recognized the right on March 10, 2010.

The right to be informed of plea offers from the Government discussed by the Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), on March 21, 2012, is not a newly recognized right.  *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).  *Frye* simply applied the well-established rule of *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), to a different set of facts.   Thus, *Frye* does not trigger the one-year limitation period of § 2255(f)(3).

D. <u>Discovery of Crucial Facts</u>

At first blush, it appears arguable that the one-year limitation period began to run at a later date for at least one of Puentes-Garcia's theories because he could not have discovered the facts supporting his argument more than a year before his filing.[2]  Where the petitioner learns for the first time after

---

[2] The failure of counsel to seek a downward departure based on the sentencing disparity with defendants in the fast-track program was obvious from the sentencing proceeding itself, which Puentes-Garcia attended with an English-Spanish interpreter.   Puentes-Garcia makes no suggestion he

conviction that his attorney failed to advise him properly before the plea, § 2255(f)(4) may provide the relevant accrual date.  *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013).   However, in order for the discovery of crucial facts to be the appropriate triggering date, the petitioner must have been diligent in trying to discover the facts supporting his claim.   Where the petitioner is on notice before his guilty plea that there are potential immigration consequences, the duty of due diligence arises at the time of the guilty plea.  *Id.*   Where the petitioner is not diligent, the discovery of crucial facts will not delay the running of the limitation period.  *Id.*

Puentes-Garcia has not alleged any facts or submitted any evidence of the date he discovered the immigration consequences of his guilty plea or of his diligence in trying to discover those consequences.   The fact that he had already been deported at least twice before (in June 2004 and March 2007) because of felony convictions, *see* Presentence Investigation Report at 5-6, should have tipped him off that deportation might happen again after this felony conviction.   His failure to describe in his motion any details regarding his acquisition of new facts is insufficient to invoke the later limitations trigger date in § 2255(f)(4).

On the other side, an affidavit from Puentes-Garcia's counsel shows that counsel discussed deportation with him prior to his plea.   There is no indication this discussion included a misleading representation like the one in *Padilla v. Kentucky*, 559 U.S. 356 (2010), that the petitioner should not worry about deportation.   The most Puentes-Garcia says in a paragraph citing *Padilla* is that "his counsel uninform[ed] [him] of the consequences following a guilty plea."   Mot. at 3.   This statement has no evidentiary value because it was not in a sworn affidavit.   Puentes-Garcia's prior history of deportation as a result of felony convictions and counsel's discussions regarding deportation put

---

first learned of the disparity at a later date.   As for the failure of counsel to notify Puentes-Garcia of a plea offer from the Government, the Court identified this as a potential theory in Puentes-Garcia's motion due to his citation of *Missouri v. Frye*, 132 S. Ct. 1399 (2012).   However, the uncontradicted competent evidence shows that no such plea agreement was tendered, so there were no facts to be newly discovered with respect to this theory.

5

Puentes-Garcia on notice that he should have investigated diligently whether deportation was, indeed, a consequence of his guilty plea and whether his counsel's advice was deficient. Indeed, after the Supreme Court decided *Padilla* on March 10, 2010, Puentes-Garcia should have appreciated the importance of that investigation. Even so, he did not file this § 2255 motion until more than three years after his guilty plea and more than two years after *Padilla*.

   E. <u>Limitations Period Triggering Date</u>

Based on the foregoing, the Court finds that February 23, 2009, the date Puentes-Garcia's conviction became final, is the relevant limitations period triggering date and that his July 23, 2012, § 2255 motion was filed after the expiration of the one-year limitations period. Thus, Puentes-Garcia is procedurally barred from filing his § 2255 motion.

**III. Merits**

Despite the foregoing conclusion that Puentes-Garcia's motion was untimely, the Court briefly addresses the merits of his arguments. The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Puentes-Garcia claims his counsel violated his Sixth Amendment right to effective assistance of counsel in the three ways listed above. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Counsel was not deficient for failing to seek a downward departure due to the sentencing disparity with defendants in the fast-track program as allowed by *United States v. Reyes-Hernandez*, 624 F.3d 405 (7th Cir. 2010). Defense counsel is not deficient for failing to make a losing argument,

*Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001), and at the time of Puentes-Garcia's sentencing in February 2006 – prior to *Reyes-Hernandez* – the Court was not allowed to consider fast-track disparities. *See United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006). It was not error for counsel to refrain from making an argument that would have been soundly rejected by the Court in light of *Galicia-Cardenas*.

Even if counsel failed to advise Puentes-Garcia that deportation would result from his guilty plea as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010), Puentes-Garcia suffered no prejudice from that failure. In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). Puentes-Garcia has not even stated, much less pointed to evidence, that he would not have entered a guilty plea if his counsel had told him he would be deported. On the contrary, he simply seeks a reduced sentence that would have been available under a fast-track program, which was not available to him at the time. Thus, he has not demonstrated he suffered any prejudice from counsel's performance. Additionally, as noted above, *Padilla* is not retroactively applicable on collateral review, *Chaidez v. United States*, 133 S. Ct. 1103,

1113 (2013), so it is of no help to Puentes-Garcia.

Finally, counsel was not deficient for failing to communicate a plea offer from the Government as required by *Missouri v. Frye*, 132 S. Ct. 1399 (2012). The uncontroverted evidence shows there was no plea offer to convey.

For these reasons, Puentes-Garcia would not have been entitled to relief under § 2255 even if he had filed a timely petition.

## IV.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045. To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641 (2012). Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

For the reasons stated above, the Court finds that Puentes-Garcia has not made a showing that reasonable jurists would find the limitations period issue debatable. He has also not shown that any

debatable constitutional claims "lurk in the background."  The Court therefore declines to issue a certificate of appealability.

**V.      Conclusion**

For these reasons, the Court **DENIES** Puentes-Garcia's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), **DIRECTS** the Clerk of Court to enter judgment accordingly, and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: May 13, 2013**

                                                     s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**